No. 26,100.

J. S. FRIESEN, as Surviving Partner of the Nichols-Friesen Grain Company, *Appellant,* v. NOAH CHEATUM, *Appellee.*

### SYLLABUS BY THE COURT.

CUSTOMS AND USAGES—*Application to Contracts of Sale—Knowledge.* A custom, recognized and of general knowledge among persons who bought and sold grain in a certain territory, that, following agreements by telephone for the sale and purchase of grain, the seller should send a written confirmation which should be conclusive evidence of the terms of the contract unless the buyer should on the day of its receipt telephone or telegraph an objection, is not binding upon a buyer of corn for his own use, who has never been in the business of buying or selling grain, and who has no knowledge of the custom. And it is held that under the uncontroverted facts of this case the buyer was not chargeable with knowledge of the custom possessed by one who was to act in his behalf in receiving the corn and who transmitted by mail objections to the confirmation under his direction.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed March 6, 1926. Affirmed.

*O. A. Keach,* of Wichita, for the appellant.

*T. A. Noftzger, George W. Cox,* both of Wichita, and *Charles C. Calkin,* of Kingman, for the appellee.

Customs and Usages, 17 C. J. pp. 458 n. 96, 460 n. 98, 524 n. 68; 27 R. C. L. 157, 158.

The opinion of the court was delivered by

MASON, J.: A firm composed of J. S. Friesen and Joe Nichols, of Wichita, negotiated by telephone with Noah Cheatum, of Kingman, for the shipment of two cars of corn for him to Brown Spur, about six miles northwest of Kingman, where he was feeding some cattle. A dispute developed as to whether the contract was for cars of 60,000 to 80,000 pounds capacity, as claimed by the sellers, or of 60,000 pounds, as claimed by the buyer. Cars of the larger capacity were offered and refused because of their size. The sellers brought .this action (prosecuted by Friesen as surviving partner) against the buyer for breach of contract. Judgment was rendered for the defendant, from which this appeal is taken.

The plaintiffs rely on a custom which was found to exist in that territory, recognized and of general knowledge amongst those who bought and sold corn and other grain, for the seller to send a written confirmation of a deal made by telephone, which should become conclusive evidence of the terms of the contract unless objection thereto was made by the buyer by telegraph or telephone on the day the confirmation was received. The plaintiffs sent a confirmation specifying 60,000- to 80,000-pound cars. The defendant made objection on this ground, but did so by mail, too late to meet the requirement stated.

The defendant undertakes to meet that contention upon this ground: His order was for the corn to be shipped to the Farmers Grain and Elevator Company, of Brown Spur, of which A. E. Wooldridge was manager. The plaintiffs assumed that the defendant was connected with this company, which was not the fact, the delivery having been directed to be made there for his convenience. The plaintiffs 'sent their confirmation to that company instead of to the defendant. It was received there January 15, 1919. Wooldridge telephoned that day to the defendant and told him of the receipt of the confirmation. The defendant directed Wooldridge to return the letter of confirmation to the plaintiffs. On January 15 Wooldridge wrote to the plaintiffs returning the confirmation, saying he did so by direction of the defendant, and asking a change to 60,000-pound cars. On January 16 he telephoned them to a like effect. The objection therefore did not reach the plaintiffs on the day the confirmation was received, and the custom was not complied with.

Friesen v. Cheatum.

The defendant, however, had never been in business as a buyer or seller of grain and did not know of the custom referred to, although Wooldridge did. While Wooldridge acted for the defendant to the extent already indicated, he was not his agent in such sense as to charge him with knowledge.

The jury found that the defendant did not know of the custom in relation to confirmation. The only evidence on the subject of his having engaged in the business of buying or selling grain was that he never had. There is no evidence of Wooldridge having been his agent beyond what substantially appears from the statements already made. The corn was ordered to be sent to the elevator company of which Wooldridge was manager, clearly to be held for the defendant. When Wooldridge received the confirmation, which was improperly sent to him, he naturally reported the fact to the defendant, and upon his request or direction sent it back to the plaintiffs, with a statement of objections. He was acting in behalf and for the benefit of the defendant, but was not an agent under such circumstances as to warrant imputing to the defendant his knowledge of the custom concerning confirmations. He did not undertake as an agent to determine what should be done with regard to the confirmation. He merely followed the direction of the defendant, and his information as to the custom of grain dealers did not enter into the matter. The plaintiffs' letter of confirmation did not refer to the custom, but contained the clause: "Receipt of this contract by the buyer, without immediate notice to us of error, is an acknowledgment of acceptance of all the conditions thereof." This omitted the specific requirement of the rule that the objection to be effective must be made by telegraph or telephone on the same day. An objection was made as promptly as was feasible by mail—the medium through which the confirmation was received. In the absence of notice of the custom the defendant was not in default.

Under the pleadings the plaintiffs had the burden of proving such an agency as to make Wooldridge's knowledge that of the defendant. The plaintiffs pleaded that the elevator company was the agent of the defendant. The answer was a verified general denial, with an admission "that whatever negotiations or transactions that were had or carried on between said plaintiffs and the Farmers Elevator and Mercantile Company of Brown Spur, Kan., through

A. E. Wooldridge, its manager, were done and carried on on behalf of this defendant." This was not an admission of such an agency as to make Wooldridge's information that of the defendant.

The plaintiffs offered evidence that on January 24 they had offered to deliver to the defendant from two 80,000-pound cars the amount that would be contained in 60,000-pound cars, retaining the surplus themselves. They complain of the refusal of the trial court to admit this evidence and submit an issue on this matter to the jury. This offer of settlement was made, as the dates show, after the controversy had arisen, and if the defendant were not already under an obligation to take the large cars he was not required to accept at that time this offer, although it corresponded with the original contract as claimed by him. Various changes in condition may have taken place in the meantime, making the deal less desirable on his part, such for instance as a fall in prices.

Complaints are made with regard to the evidence, instructions, questions submitted and findings, but the views already expressed make a discussion of them unnecessary.

The judgment is affirmed.